### MURPHEY-HARDY LUMBER COMPANY v. PAUL G. RODER.

Submitted March 21, 1912—Decided June 18, 1912.

Where, in the course of a business transaction, one party calls up another on the telephone by his number, recognizes and identifies his voice and discusses with him some phase of the business they have together, it is for the jury to determine, if the conversation is denied, whether or not it took place and of what it consisted.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and SWAYZE.

For the rule, *Paul G. Roder, pro se.*

*Contra, Guild & Martin.*

The opinion of the court was delivered by

GARRISON, J.   The chief attack upon this verdict is that it rests upon testimony of telephone conversations between the plaintiff and the defendant.   The question arose in this way: Paul G. Roder had a contract with one Frank Angellilo to furnish material and erect a house for him.   There was

evidence that the work was delayed or stopped by Angellilo's lack of credit, and it was not disputed that Roder ordered from the defendant lumber to the amount of $400 for which he paid. The dispute arose over a bill of upwards of $700 which the plaintiff claims was also delivered on Roder's order which the latter denies. There is no dispute that the lumber in question went into the construction of the defendant's house and was delivered to his contractor for that purpose. The dispute is whether such delivery was upon the order of Roder. This question was submitted to the jury, who found in favor of the plaintiff. The defendant now contends that this verdict was against the weight of evidence, because produced by the illegal admission of testimony as to what Roder had said to the plaintiff over the telephone. If Roder said what the testimony shows that he said, there is no denial that a jury question was presented. The jury had the testimony of various officers of the plaintiff that when Angellilo would call at its office with an order for lumber to go into Roder's house it was not furnished to him until Mr. Roder had been called up on the telephone and had, on being told of the situation, ordered the lumber to be delivered to Angellilo or to be furnished on his, Roder's, account.

It is unnecessary to go into the broad question of telephone conversations or to lay down any general rule touching communications of this sort, for the reason that there was testimony that the voice of Mr. Roder was identified and that the conversations were with him directly or through a person at the 'phone, taking orders from him, both voices being heard. This was evidence for the jury which renders it unnecessary to consider the more difficult questions discussed by Mr. Wigmore in volume 1, section 669, and volume 3, section 2155, of his work on *Evidence*.

There was corroboration of the plaintiff's case that was also for the jury and on the other hand there was a denial by the defendant of the plaintiff's testimony.

In view of the commercial use of the telephone and its general trustworthiness as tested by average experience, the rule to be adopted is that where in the course of a business

transaction one party calls up another by his telephone number, recognizes and identifies his voice and discusses with him some phase of the business they have together, it is for the jury to determine, if the conversation is denied, whether it took place and of what it consisted.

It is not intended to be intimated that this is the extent of the rule, but only that it is all that the decision of the present case requires.

The plaintiff's testimony was not illicit and if believed by the jury there was no lack of proofs to support its verdict.

The rule to show cause is discharged.